United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41494
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LANDON RANNIER JONES

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-199-1
---------------------

Before KING, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:*

Landon Rannier Jones has appealed his convictions for

conspiracy to possess with intent to distribute less than 100

grams of phencyclidine ("PCP") and for possession with intent to

distribute less than 100 grams of PCP. Jones contends that the

district court erred in denying his motion to suppress evidence

seized during a traffic stop of a rental car in which he was a

passenger. Jones contends that the traffic stop was not

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

justified at its inception and that the scope of his detention exceeded the permissible purpose of the stop.

The arresting officers testified at the suppression hearing that they stopped the vehicle because they observed two traffic violations, failure to signal a lane change and failure to maintain a single lane. Jones argues that the evidence did not show that the failure of the driver to maintain a single lane was unsafe or dangerous. Without such a showing, he contends, no state law violation was shown. We need not resolve this question, because the driver's failure to signal a lane change provided an adequate basis for stopping the vehicle. See United States v. Roberson, 6 F.3d 1088, 1091-92 (5th Cir. 1993); see also TEX. TRANS. CODE ANN. § 545.104 (West 1999). The arresting officer articulated facts during the suppression hearing from which he could have concluded reasonably that Jones had committed or was committing a crime. Accordingly, Jones's continued detention did not violate the Fourth Amendment. See United States v. Jones, 234 F.3d 234, 241 (5th Cir. 2000).

Jones contends also that the evidence of his guilt was insufficient. Because Jones did not move for judgment of acquittal in the district court, our review is limited to a determination whether Jones's "convictions resulted in a manifest miscarriage of justice, which exists only if the record is devoid of evidence pointing to guilt or if the evidence on a key element of the offense is so tenuous that a conviction would be

shocking." <u>United States v. Smith</u>, 203 F.3d 884, 887–88 (5th Cir. 2000) (internal quotation marks omitted).  There was ample evidence presented at trial showing that Jones conspired with his codefendants to distribute PCP and that Jones possessed PCP with intent to distribute.  The convictions are

AFFIRMED.